JOAN MILLER & others *vs.* COMMISSIONER OF THE DEPARTMENT OF ENVIRONMENTAL MANAGEMENT & another. January 29, 1987. *Public Land. Administrative Law,* Regulations. *Constitutional Law,* Environmental protection. *Department of Environmental Management.*

Harold Parker State Forest, located on 3,014 acres of land twenty miles north of Boston in the towns of North Andover, Andover, North Reading and Middleton, is operated and maintained by the Department of Environmental Management. The ten plaintiffs, all of whom reside near the State forest, seek in this action to enjoin the department and its Commissioner from entering into a limited exclusive use permit arrangement with Snow-

mass Ski Touring Centers, Inc. (Snowmass), a private entity with relevant expertise, to operate a cross country skiing program in the State forest. A Superior Court judge considered documents submitted by the parties, determined that there was no dispute as to the facts, issued a memorandum of his decision in favor of the department and its Commissioner, and entered judgment accordingly. We affirm.

Pursuant to a proposal to which the plaintiffs object, Snowmass, which has operated a similar program in a State forest in Carlisle, in exchange for a fee to be paid to the Commonwealth, would be granted a revocable one-year permit from the department to conduct a cross country skiing program. It would groom and maintain trails in a portion of the State forest which during the ski season would be for the exclusive use of fee-paying cross country skiers. Snowmass would be permitted to make artificial snow, using the waters of a man-made pond in the State forest. The snow would be delivered to the trails by truck. Snowmass would provide instruction in cross-country skiing, and it would rehabilitate an existing building for use as a warming hut for skiers and for the rental of ski equipment. The department would have the right to approve fees charged for use of the trails. All aspects of the operation would be conducted under the supervision of the department.

The plaintiffs dispute the statutory authority of the department to permit the proposed use because of its commercial and exclusive aspects. Under G. L. c. 132A, § 2D, inserted by St. 1958, c. 656, § 1, "[i]n the development and improvement of . . . state forest recreation areas" the Commissioner of the department has the authority "[t]o acquire, plan, construct, maintain and operate public recreational facilities . . . [among other things for] winter sports . . . as [he] deems necessary and desirable and consistent with the policy of the commonwealth as set forth in § 2B." The department is also directed to construct and maintain trails for various specified uses, including "ski touring." G. L. c. 132, § 38A. It is on the statement of policy in G. L. c. 132A, § 2B, inserted by St. 1958, c. 656, § 1, that the plaintiffs mount their objections. That section provides that State forest recreation areas "shall insofar as practicable be preserved in their natural state; that they shall be insofar as possible collectively self-supporting; and that no commercial activities except those essential to the quiet enjoyment of the facilities by the people shall be permitted."

We think the award of the proposed permit would be a proper act within the Commissioner's discretion. With specific reference to the policy set forth in G. L. c. 132A, § 2B, nothing contemplated in the permit would substantially impair the preservation of State forest land in its natural state. In addition, the fee Snowmass would pay to the Commonwealth would help the department make its activities self-supporting. It is true that the arrangement is a commercial one; that fact alone, however, does not make it invalid. The aim is clearly to enhance the use of the trails in the State forest for a legislatively approved recreational purpose. The use of artificial snow

has the potential to expand considerably the amount of time the trails are available for skiing. Having the trails groomed and maintained regularly, and supervised while in use, is bound to make them safer. A private entity experienced in making artificial snow and managing cross country skiing facilities is an appropriate party to operate such a facility. Such an entity would not be expected to undertake the responsibility without an arrangement for fees and some expectation of exclusivity. We think the Commissioner could properly determine that the arrangement, in the circumstances, although commercial, was "essential to the quiet enjoyment of the facilities." The exclusivity lasts only while the trails are open for cross country skiing. The department is required by G. L. c. 132, § 38A, to have a plan to minimize conflicting uses of the State forest trails. There was ample basis for a determination by the Commissioner that simultaneous use of trails for skiing and other activities, such as horseback riding, is ill-advised. Respecting, as we must, the broad authority of the Commissioner to manage the State forests and to operate in them such recreational programs as he determines necessary for the public good, we find no statutory violation in the award of the proposed permit. If, in the future, violations should occur, ample remedies exist to remedy them. See the analogy of *Nickols* v. *Commissioners of Middlesex County*, 341 Mass. 13 (1960).

Nor do we regard the grant of a one-year seasonal permit, which is revocable by the Commissioner at will and which is for the purpose of conducting a program to be carried out under the supervision of the department, to be such a disposition of "lands or easements" as to require, pursuant to art. 49 of the Articles of Amendment to the Massachusetts Constitution, a two-thirds vote of each branch of the Legislature. There is no merit in the plaintiffs' contention that the award of a permit, made pursuant to a duly promulgated regulation of the department, 304 Code Mass. Regs. § 19.00 (1981) ("Special Use Permits") is itself a "regulation" which must be preceded by a public hearing. In any event, the department held a public meeting on the proposal, and the plaintiffs were in attendance. The record on appeal gives us no indication that the issue now raised under G. L. c. 30, § 62, which sets forth requirements for environmental impact reports, was raised in the lower court. Accordingly, we do not decide that issue.

*Judgment affirmed.*

*Paul L. Kenny* for the plaintiffs.

*Gordon Graham*, Special Assistant Attorney General (*Tara Zadeh* with him) for the defendants.